The Court
 

 had no difficulty in quashing the alias execution in this case on the
 
 return;
 
 because “defendant carried to jail” is a full execution of the writ, and a
 
 satisfaction
 
 of the debt, until it is made to appear that he had been discharged from prison under the insolvent laws, or otherwise, so as to leave the plaintiff’s debt unpaid and remedy still open under the judgment; which could not appear without a scire facias.
 

 But on the general question, as an important one affecting the practice before magistrates, the Chief Justice said: “The 29th section of the act of assembly which creates the jurisdiction of justices of the peace, expressly authorizes the issuing an execution at any time within three years from the time when execution could have first regularly issued, without a scire facias; and then provides, that ‘after the expiration of that time,
 
 without an
 
 execution, none shall be issued until the judgment shall be revived by scire facias.’ The question presented is, whether this latter clause does not by implication, authorize the issuing of an execution after the lapse of three years without a scire facias, when one has been previously issued within that period, but has failed to satisfy the judgment. The question may be answered in the affirmative-; but another presents itself as to the time at which such alias execution may be issued. May it be done at any period? at the expiration of ten or even twenty years? Considering the nature of this jurisdiction, the 'class of the community mostly affected by it, and the character of the tribunal, it would be dangerous to allow such latitude of authority if the general rules of law applicable to the subject do not control it.
 

 The rule of law with regard to executions is, that in all
 
 continued writs
 
 the
 
 alias
 
 must be tested the day the
 
 former
 
 was
 
 returnable. (2 Salk.
 
 699.) As justices of the peace have no stated terms, and there can be no fiction of ‘continuances on the roll,’ it follows that the alias must be issued on the day of the return of the first writ, or it cannot be issued at all. The implied authority, therefore, to issue an alias execution after the lapse of three years without a scire facias, being controlled by this principle, is restrained to the case where the previous execution overreaches that period, and the
 
 alias
 
 is issued on tlie same day on which the first execution is returnable. This principle is not intended to be applied to an alias execution, issued within
 
 *15
 
 the period of' the three years allowed by the act of assembly. The alias execution in this case having been issued after the lapse of three years from the time when execution could have been first regularly issued without a scire facias, and more than seven years after the return of the first writ must be set aside.
 

 Alias execution set aside.